```
                   UNITED STATES DISTRICT COURT
                      DISTRICT OF MINNESOTA
                    Civil No. 17-473(DSD/DTS)
```

Brenda Calloway Colvin,

       Plaintiff,

v.                                    **ORDER**

Real Estate Equities,
Lyn Donahue and
Heartland Properties,

       Defendants.

      Brenda Calloway Colvin, 15235 18th Avenue North, #207, Plymouth, MN 55447, plaintiff pro se.

      Margaret R. Ryan, Esq. and Meagher & Geer, PLLP, 33 South 6th Street, Suite 4400, Minneapolis, MN 55402, counsel for defendants Real Estate Equities and Lyn Donahue.

      Christopher T. Kalla, Esq. and Hanbery & Turner, P.A., 33 South 6th Street, Suite 4160, Minneapolis, MN 55402, counsel for defendant Heartland Properties.


This matter is before the court upon the motion for entry of default by pro se plaintiff Brenda Colvin. The court denied the motion from the bench with this written order to follow.

On February 15, 2017, Colvin filed suit against defendants Real Estate Equities, Heartland Properties, and Lyn Donahue. On March 27, the court granted Colvin's motion to proceed in district court without prepaying fees or costs and ordered the United States Marshal to serve a copy of the complaint and summons on the defendants. On April 17, the U.S. Marshal mailed the complaint and summons to defendants and enclosed a notice informing defendants

that they must sign and return an acknowledgment of service form within thirty days. On May 17, defendants returned the acknowledgment form and, on June 7, filed answers to the complaint.

Colvin argues that default should be entered because defendants did not respond to the complaint within twenty-one days of service as required by Fed. R. Civ. P. 12(a)(1)(A)(i). Defendants correctly point out, however, that process was served pursuant to Minn. R. Civ. P. 4.05.[1] Under the Minnesota rules, in order for service by mail to be effective, an acknowledgment form must returned by defendant. See Minn. R. Civil P. 4.05 ("If acknowledgment of service under this rule is not received by the sender ... service shall be ineffectual."). Therefore, service was not effective until May 17, 2017, the day defendants returned the acknowledgment forms. Because the twenty-one day period to file an answer under the federal rules does not commence until a defendant is properly served, defendants' answers on June 7 were timely.[2]

---

[1] Although the federal rules do not provide for service of process by mail, a plaintiff may properly serve a defendant "by following state law for serving a summons in ... the state where the district court is located." Fed. R. Civ. P. 4(e)(1).

[2] Colvin also filed a motion to schedule a hearing date. This is not a cognizable motion and, in any case, is moot because Colvin was given a hearing on this motion.

Accordingly, based on the above and as stated at the hearing,
**IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to schedule a hearing date [ECF No. 9] is denied as moot; and

2. Plaintiff's motion for entry of default [ECF No. 10] is denied.

Dated: July 31, 2017

s/David S. Doty
David S. Doty, Judge
United States District Court
